IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02409-PAB

SANTIAGO ABREU,

    Plaintiff,

v.

THE BROADMOOR HOTEL, INC., d/b/a The Broadmoor Hotel,

    Defendant.

## ORDER

    This matter is before the Court on the parties' Joint Stipulation to Set Aside Clerk's Entry of Default, to Withdraw Plaintiff's Motion for Default Judgment, and to Set Case Deadlines [Docket No. 15].

    Plaintiff Santiago Abreu brought this case on October 29, 2015, alleging defendant is in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. Docket No. 1. Defendant was purportedly served with plaintiff's complaint on November 3, 2015, but defendant did not timely file an answer or other response. On December 7, 2015, plaintiff moved for entry of default, and the clerk entered default against defendant that same day. Docket Nos. 6-7. On December 14, 2015, plaintiff moved for default judgment. Docket No. 8. That motion is still pending.

    The parties agree that the November 3, 2015 service of the complaint may not have been properly effected. *Id.* at 2. The parties submit a joint request for the Court to issue an order determining that service was effective as of January 14, 2016, to set

aside the clerk's entry of default, and to set March 14, 2016 as the deadline by which plaintiff must file an answer or response to plaintiff's complaint. Docket No. 15 at 2. Plaintiff asks the court to withdraw its pending motion for default judgment. *Id*.

The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each one of these factors and may consider other factors in its discretion. *Id.* Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within the Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. *Gomes*, 420 F.2d at 1366.

Here, the parties agree that the service of process on which the clerk's entry of default was premised was ineffective. Docket No. 15 at 2. "[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject

matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assoc. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).  Thus, the Court did not have personal jurisdiction over defendant until defendant was properly served on January 14, 2016.  Accordingly, the Court finds that the clerk's entry of default is void and must be set aside.  For the foregoing reasons, it is

ORDERED that the Clerk's Entry of Default [Docket No. 7] is **VACATED**.  It is further

ORDERED that defendant shall file its answer to plaintiff's complaint on or before March 14, 2016.  It is further

ORDERED that plaintiff's Motion for Entry of Default Judgment Against Defendant, the Broadmoor Hotel, Inc. [Docket No. 8] is **DENIED** as moot.

DATED February 11, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge